# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1306V

|  |  |
|---|---|
| DAVID YANOVSKY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 28, 2023 |

*Elizabeth Kyla Abramson*, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.

*Ryan Pohlman Miller*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT**[1]

  On September 15, 2022, David Yanovsky filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered "on-Table" "injuries resulting from adverse effects of a vaccination or vaccinations, covered by 42 U.S.C. § 300aa-10, et seq."[3] Petition at 1. Petitioner further alleges that the vaccination was administered within

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] The requirements for a petition's contents are set forth in Section 11(c) of the Vaccine Act and Vaccine Rule 2(c)(1). The Vaccine Guidelines further explain, "[t]he petition should provide the respondent and the special master with a clear and complete notice of the specific nature of petitioner's claim . . . . the petition should not be a formalistic document that merely tracks the statutory language, designed to 'preserve' all possible claims or arguments." Vaccine Guidelines, § II, Ch. 1(A). Moreover, the preamble of the petition

the United States, his vaccine related injury lasted more than six months, and neither he, nor any other party, has ever brought an action or received compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at 1, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 5, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent determined that "[P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ('Table') and the Qualifications and Aids to Interpretation ('QAI') for the claim that his seasonal flu vaccine caused his GBS." *Id.* at 8. Respondent further agrees that the scope of damages to be awarded is limited to Petitioner's GBS and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

should identify the vaccine(s) alleged to be causal, identify the injury suffered, and identify whether the petitioner is claiming an injury listed on the Vaccine Injury Table (a "Table" injury), alleging a cause-in-fact injury (an "off-Table" injury), or is pleading both in the alternative. *Id.* at § II, Ch. 1(B)(2), (3)(b)-(c). I note that the preamble of the petition in this case does not specify which vaccine(s) he alleges to be causal or the exact injury claimed, only that vaccination or vaccinations are covered by 42 U.S.C. § 300aa-10, et seq. The petition body of the petition indicates that Petitioner received an influenza (flu) vaccine on September 21, 2021. Petition at ¶ 1. The petition also indicates Petitioner's symptoms and test results were consistent with GBS. Petition at ¶¶ 19, 26, 29. Based on the allegations in the petition, it may be implied that Petitioner is alleging that he suffered GBS resulting from the flu vaccination he received on September 21, 2021, but that is not explicitly stated per the Vaccine Guidelines.